UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TALBERT PANNELL,

        Plaintiff,

v.                                          CIVIL ACTION NO. 5:22-cv-00145

SOUTHERN REGIONAL JAIL AND
CORRECTIONAL CENTER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Talbert Pannell's Complaint [Doc. 1], filed March 24, 2022.

**I.**

Mr. Pannell instituted this action on March 24, 2022, and filed a letter-form complaint for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] [Doc. 1]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 2]. Magistrate Judge Aboulhosn filed his PF&R on August 9, 2024. [Doc. 4]. Magistrate Judge Aboulhosn recommended that the Court dismiss the letter-form Complaint [Doc. 1] without prejudice and remove the matter from the docket. Objections were due on August 26, 2024. [Doc. 4 at 5]. Mr. Pannell filed untimely objections on August 29, 2024.[2] [Doc. 5]. Mr. Pannell's

---

[1] As Magistrate Judge Aboulhosn noted, because Mr. Pannell is a *pro se* party, "the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)." [Doc. 4]. Inasmuch as Mr. Pannell holds *pro se* status, his complaint is construed under 42 U.S.C. § 1983.

[2] On August 19, 2024, a notification of "Mail Returned as Undeliverable" was filed

objection asserts that he filed a letter-form complaint on March 24, 2022, and "at this time [he] had spoke[n] with Robert Dunlap who assured [him] that he would take care of this matter." [Doc. 6 at 1].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

---

denoting that the Proposed Findings and Recommendations sent to Mr. Pannell at Southern Regional Jail was returned. Specifically, the mail was resent to South Central Regional Jail where Mr. Pannell had been relocated to. [Doc. 5].

### III.

Magistrate Aboulhosn concluded, after a *Federal Rule of Civil Procedure* 41(b) analysis, that Mr. Pannell's matter be dismissed without prejudice. Mr. Pannell filed his objection on August 29, 2024. [Doc. 6].

Pursuant to *Federal Rule of Civil Procedure* 41(b), "If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Our Court of Appeals has provided four criteria that guide a district court's discretion prior to dismissing a case under *Federal Rule of Civil Procedure* 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), (*quoting Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). The factors are "not a rigid four prong test" but instead, dependent "on the particular circumstances of the case." *Ballard,* 882 F.2d at 95.

Mr. Pannell's letter-form complaint alleged violations of his constitutional rights. [Doc. 1]. Namely, as noted in his Southern Regional Jail & Correction facility Inmate Grievance form, he alleged that he felt his "life was in jeopardy by being cut while on suicide watch. [He believes] this comes from being negligent [sic], short on staff, [and] lack of training." [*Id*. at 5]. The day after Mr. Pannell filed his complaint, Magistrate Judge Aboulhosn directed him to amend his Complaint to (1) name "persons" as defendants and (2) state specific facts as to how each

defendant violated his constitutional rights by April 25, 2022. [Doc. 3]. Additionally, Magistrate Judge Aboulhosn observed that Mr. Pannell had not paid the filing and administrative fee, nor had he applied pursuant to 28 U. S. C. § 1915 to proceed without prepayment of fees or costs. [*Id*. at 4]. Inasmuch as the fee had not been addressed, Magistrate Judge Aboulhosn directed Mr. Pannell to either pay the fee or file an application to proceed without prepayment of fees by April 25, 2022. [*Id*. at 5]. Notably, at the time of the PF&R being filed, Mr. Pannell had "not responded to the Court's Order that was entered more than two years and four months ago." [Doc. 4 at 2].

The applicable factors weigh in favor of dismissal. First, at the time of the PF&R, Magistrate Judge Aboulhosn expressed that "[s]ince initiating this action on March 24, 2022, [Mr. Pannell] has done absolutely nothing to demonstrate an interest in prosecuting this action." [Doc. 4 at 3]. Magistrate Judge Aboulhosn noted that Mr. Pannell is "solely responsible for his lack of participation in the instant action" and that he has an obligation to notify the Court of any change of address. [*Id*.]. Mr. Pannell asserts he was speaking with Robert Dunlap, "who assured [him] he would take care of this matter." [Doc. 6 at 1]. The Court acknowledges the seriousness of the situation and does not take lightly the possibility that Mr. Dunlap may have been involved in conversations surrounding Mr. Pannell's case. However, a few isolated lines from Mr. Pannell lacking support, without checking on the case for over two years, does not amount to a desire to prosecute. Furthermore, it does not amount to good cause.

Second, there is no prejudice to the opposing party as it has not been served with process. Third, while the record lacks any "deliberate" dilatory behavior, Mr. Pannell "has completely failed to take any action in these proceedings for more than two years and four months." [Doc. 4 at 5]. Finally, there is no less drastic sanction than dismissal available to the Court because (1) Mr. Pannell is *pro se* and "assessing him fines, damages, or costs would be

unjust" and likely without effect, and (2) "explicit warnings of dismissal would be ineffective in view of [Mr. Pannell]'s failure to respond to the Court's Order directing [his] response." [*Id.*].

Based upon the foregoing discussion and the contents of the PF&R, the Court **OVERRULES** Mr. Pannell's objection.

IV.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 4**], **OVERRULES** Plaintiff's Letter-Form Response/Objection [**Doc. 6**], **DISMISSES WITHOUT PREJUDICE** the Complaint [**Doc. 1**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: October 3, 2024

Frank W. Volk
Chief United States District Judge